

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Merritt F. Hines
County Attorney
Midland County
Midland, Texas

Dear Sir:                                   Opinion No. O-2434
                                            Re: Whether or not electors exempt
                                                from poll tax residing else-
                                                where than in cities of 10,000
                                                inhabitants or more are required
                                                to obtain exemption certificates.

        This will acknowledge receipt of your letter of May 28,
1940, requesting the opinion of this department upon the follow-
ing question:

        Is it necessary that those persons exempt from
        the payment of a poll tax and residing elsewhere than
        in cities of 10,000 inhabitants or more obtain exemp-
        tion certificates?

        In this connection, you desire to know whether this
department is still in accord with an opinion rendered April 3,
1924, to Hon. H. Grady Chandler (Biennial Report of the Attorney
General, 1922-1924, p. 391), to the effect that "the obtaining of
exemption certificates by those residing elsewhere than in cities
and towns of 10,000 inhabitants or more is not required as a pre-
requisite to voting and that the issuance of same is neither re-
quired nor authorized."

        Prior to the enactment of Article 2968a, Revised Civil
Statutes, 1925, in 1935, Acts 1935, 44th Legislature, Ch. 292,
p. 686, the above statement of the law reflected in the opinion
of this department, dated April 3, 1924, was undoubtedly correct.
Moreover, numerous other opinions of this department are in ac-
cord therewith. For example, see Opinion No. -2436, dated June
5, 1922, Vol. 57, p. 308; Opinion dated September 21, 1932, Vol.
339, p. 8. In view of changes in the election statutes, however,

Honorable Merritt F. Hines, Page 2

let us re-examine the question you propound.

Article 2960 of the Revised Civil Statutes, 1925, reads as follows:

"Art. 2960. 2943 Exempt from poll tax.

"Every person who is more than sixty years old or who is blind or deaf or dumb, or is permanently disabled, or has lost one hand or foot, shall be entitled to vote without being required to pay a poll tax, if he has obtained his certificate of exemption from the county tax collector when the same is required by the provisions of this title.  Id."

It is clear from this article that the following classes of persons are exempt from the payment of a poll tax: (1) Those who are over sixty years of age; (2) those who are blind, deaf or dumb; (3) those who are permanently disabled; (4) those who have lost one hand or foot.

Note that these classes of persons are entitled to vote without payment of a poll tax if a certificate of exemption has been obtained from the county tax collector, but this is necessary only "when the same is required by the provisions of this title."

We must determine next, then, when a certificate of exemption is required to be obtained by the provisions of Title 50 of the Revised Civil Statutes, 1925.

Article 2968 requires the obtaining of a certificate of exemption by those exempted by law from the payment of a poll tax, but this article relates exclusively to those residing in a city of 10,000 inhabitants or more.  It is therefore dismissed from consideration.

Article 2969 of the Revised Civil Statutes, 1925, provides that every person who will reach the age of twenty-one years after the first day of January and before the day of a following election at which he or she wishes to vote, and who possesses all the other qualifications of a voter under the Constitution and laws of Texas shall be entitled to vote at such election without the necessity of paying a poll tax.  The article

Honorable Merritt F. Hines, Page 3

continues with the provision, moreover, that it shall not be necessary that such person obtain a certificate of exemption. To this extent, however, Article 2969 has been superseded by the more recent enactment, Article 2968a, Vernon's Annotated Civil Statutes. See Opinion No. 0-414.

Article 2968a relates exclusively to those residing elsewhere than in a city of 10,000 inhabitants or more, and provides in part as follows:

"Art. 2968a. Certificate of exemptions without cost to certain qualified voters not subject to payment of poll tax.

"Every person not subject to the disqualifications set out in Article 2954 of the Revised Civil Statutes of 1925 who does not reside in a city of ten thousand inhabitants or more, and who is exempt from the payment of a poll tax by reason of the fact that he or she has not yet reached the age of twenty-one years on the first day of January preceding its levy, or who is exempt from the payment of a poll tax because he or she was not a resident of the State on the first day of January preceding its levy, but who shall have since become eligible to vote by reason of length of residence or age, shall, on or before the thirty-first day of January of the year in which he or she offers to vote, obtain from the Assessor and Collector of Taxes for the county of his or her residence a certificate of exemption from the payment of a poll tax, and no such person who has failed or refused to obtain such certificate of exemption from the payment of a poll tax shall be allowed to vote."

From an analysis of this article, it appears that the following classes of persons exempt from the payment of a poll tax and residing elsewhere than in a city of 10,000 inhabitants or more must obtain an exemption certificate on or before the 31st day of January of the year in which they offer to vote, in order to entitle them to cast their ballots: (1) Those who will reach the age of twenty-one years after the 1st day of January and before the day of a following election at which they may wish to vote; (2) those exempt from the payment of a poll tax because not a resident of the state on the first day

Honorable Merritt F. Hines, Page 4

of January preceding its levy, but who have since become eligible to vote by reason of length of residence.  See Opinion No. O-1741A, a copy of which is enclosed.

In view of these statutes, you are respectfully advised, and it is the opinion of this department, that those persons residing elsewhere than in a city of 10,000 inhabitants or more and exempt from the payment of a poll tax in accordance with the provisions of Article 2960, Revised Civil Statutes, need obtain no exemption certificate in order to entitle them to vote.

It is the further opinion of this department that those exempt from the payment of a poll tax for the reasons set out in Article 2968a, Vernon's Annotated Civil Statutes, and residing elsewhere than in a city of 10,000 inhabitants or more must obtain an exemption certificate on or before the 31st day of January of the year in which they offer to vote, in order to be entitled to cast their ballots.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Walter R. Koch_
Walter R. Koch
Assistant

By _James D. Smullen_
James D. Smullen

JDS/oe

APPROVED JUN 29, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY _Burg_
CHAIRMAN